UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SONY MUSIC ENTERTAINMENT,

Plaintiff,

-against-                                                      25-cv-4824 (LAK)

SLACKER, INC., et al.,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/2026

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

Sony Music Entertainment, a Delaware partnership, brings this action against defendants Slacker, Inc. and LiveOne, Inc. as well as one identified and other pseudonymous individuals for copyright infringement and breach of contract. Corporate defendants appeared by counsel, Nathaniel Akerman, Esq. The matter is before the Court on the motion of Mr. Akerman, who has withdrawn as counsel, for judgment against his former clients for fees allegedly due.

*Facts*

On November 10, 2025, Mr. Akerman moved to withdraw on the ground that his clients had failed to pay any of his legal fees and had ceased taking his calls. That motion was served by mail and email on the clients,[1] who did not respond to it. On November 18, the Court granted leave to withdraw on the condition that Mr. Akerman serve his former clients with a copy of the Court's order no later than November 20. That order made clear that failure by corporate defendants to appear by new

---

[1] Akerman Decl. Supp. Motion Withdraw (Dkt 31-1) ¶ 4.

2

counsel on or before December 1, 2025, might result in the entry of a default judgment against them.

On November 21, 2025, Mr. Akerman moved for judgment against his former clients for his allegedly unpaid fees. That motion was sent to his former clients on the same day.[2]

On December 15, new counsel appeared for corporate defendants and promptly sought an extension of time to answer or move with respect to the complaint. The letter, however, did not mention Mr. Akerman's motion to recover his attorney's fees.

On December 16, Mr. Akerman filed a purported motion for entry of a default judgment on his November 21, 2025 motion for fees. That motion also was served on his former clients,[3] and defendants' new counsel additionally should have been aware of the outstanding motion to award fees against its new clients from even a perfunctory review of the docket sheet.

As such a motion to enter a default judgment on a pending motion is not contemplated by the relevant rules and in any case is entirely unnecessary, the Court denied it without prejudice to Mr. Akerman's still-pending motion for fees. Nevertheless, the filing of that motion once again should have brought Mr. Akerman's outstanding motion to award him fees to the attention of defendants and informed their new counsel, who in any case must have been aware of it.

At this point, Mr. Akerman's motion for fees has been pending since November 21, 2025. There has been no response to it from his former clients or their new counsel, who appeared on December 15. Accordingly, the Court considers corporate defendants to have defaulted on the motion, which therefore is fully submitted.

---

[2] Akerman Decl. Supp. Motion J. Att'y's Fees (Dkt 48-1) ¶ 3.

[3] Akerman's Motion J. Att'y's Fees (Dkt 48) at 2.

*Discussion*

It is well established that district courts have supplemental jurisdiction, in their discretion, to decide disputes over legal fees allegedly owed by parties to the main action to their former attorneys in that action.[4]

In this case, there is no reason to decline to exercise jurisdiction. Indeed, corporate defendants have failed to object to the Court doing so. Moreover, there are no disputed issues of fact or law.[5] Accordingly, the Court will determine the issue posed to it. Mr. Akerman is entitled to his fees.

*Conclusion*

For the foregoing reasons, Mr. Akerman's motion for past due attorney's fees (Dkt 39) is granted in all respects. He shall have judgment against defendants Slacker, Inc. and LiveOne, Inc., jointly and severally, in the amount of $49,015, plus costs and interest. In accordance with N.Y. CPLR §§ 5001(b) and 5004(a), prejudgment interest shall be computed on the principal sum of $49,015 at the rate of nine percent per annum from October 2, 2025, which is a reasonable intermediate date.

SO ORDERED.

Dated:        January 9, 2026

_____
Lewis A. Kaplan
United States District Judge

---

[4]     *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442 (2d Cir. 1998).

[5]     *See id.* at 448.