```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SONY MUSIC ENTERTAINMENT,

                        Plaintiff,

            -against-                                              25-cv-4824 (LAK)

SLACKER, INC., et al.,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/17/2026

## MEMORANDUM OPINION DENYING MOTION TO DISMISS

Appearances:

> Rollin A. Ransom
> Tyler J. Domino
> SIDLEY AUSTIN LLP
> *Attorneys for Plaintiff*
>
> Daniel Messeloff, Esq.
> PIERSON FERDINAND LLP
> *Attorney for Defendants*

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff, Sony Music Entertainment ("Sony"), owns a library of copyrighted recorded music. It licensed corporate defendants, Slacker, Inc. and LiveOne, Inc., to disseminate its recordings over corporate defendants' streaming service. When one of corporate defendants withheld millions of dollars in payments allegedly due to Sony, Sony purported to terminate the license for material breach of its terms. Undaunted, corporate defendants allegedly continued to

2

disseminate Sony recordings without authority. Sony then brought this action for breach of contract by corporate defendants and copyright infringement by corporate defendants and their chief executive officer.

The matter now is before the Court on the motion of defendant Robert Ellin, the chief executive officer of both corporate defendants, to dismiss the action as to him for lack of personal jurisdiction or, alternatively, failure to state a legally sufficient claim against him.

*Personal Jurisdiction*

    *The New York Long-Arm Statute*

Mr. Ellin was served, and appears to reside, in California. He is the chief executive officer of corporate defendants, both of which are based in California. Sony, however, claims that the Court has personal jurisdiction over Mr. Ellin under the New York long-arm statute.[1]

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing jurisdiction. The applicable standard depends upon the procedural context in which the jurisdictional challenge is raised.[2] Where, as here, no discovery has taken place and no evidence has been submitted, the plaintiff need make only a *prima facie* showing of jurisdiction "by pleading in good faith, . . . legally sufficient allegations of jurisdiction."[3]

The aspects of the New York long-arm statute pertinent to Mr. Ellin's motion are two.

---

[1] N.Y. C.P.L.R. § 302 (McKinney 2026).

[2] *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990).

[3] *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998) (quoting *Ball*, 902 F.2d at 197) (internal citation omitted); *accord In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003).

3

The statute provides that a court in New York may exercise personal jurisdiction over a non-domiciliary if that defendant:

- transacts any business in New York and the claim against the defendant arises from the business thus transacted,[4] or

- commits a tortious act outside New York causing injury to a person or property in New York, provided the defendant expects or reasonably should expect the tortious act to have consequences in New York *and* derives substantial revenue from interstate or international commerce.[5]

Here, Mr. Ellin does not dispute that the alleged infringements of Sony's copyrighted works by corporate defendants (1) involved the transaction of business in New York and (2) were tortious acts outside (as well as inside) New York that (a) injured Sony, which is based in New York, and (b) Sony's allegations, if true, would satisfy the other requirements of Sections 302(a)(1) and 302(a)(3)(ii), as to corporate defendants. Rather, he contends that his alleged actions all were carried out only in his capacities as an officer of each of corporate defendants. Sony's jurisdictional claim as to Mr. Ellin, he contends, therefore fails because there are no allegations of any alleged actions taken in his personal capacity.

In substance, Mr. Ellin invokes the fiduciary shield doctrine (or something virtually

---

[4] N.Y. C.P.L.R. § 302(a)(1).

[5] *Id.* § 302(a)(3)(ii).

To be sure, Section 302(a) contains some other criteria, satisfaction of which also would permit the exercise of personal jurisdiction over a non-domiciliary. But Sony relies only on Sections 302(a)(1) and 302(a)(3)(ii). Accordingly, it is necessary to summarize and address only those subdivisions.

4

indistinguishable from it), which formerly:

> "provide[d] that an individual should not be subject to jurisdiction if his dealings in [New York] were solely in a corporate capacity. It [was] based upon the notion that it is unfair to subject a corporate employee personally to suit in a foreign jurisdiction when his only contacts with that jurisdiction have been undertaken on behalf of his corporate employer."[6]

But he appears to overlook the fact that the New York Court of Appeals case he cites in support of his argument *rejected* the fiduciary shield doctrine, viz.:

> "[W]e determine that it is neither necessary nor desirable to adopt the fiduciary shield doctrine in New York. Nothing in the [long-arm] statute's language or the legislative history relating to it suggests that the Legislature intended to accord any special treatment to fiduciaries acting on behalf of a corporation or to insulate them from long-arm jurisdiction for acts performed in a corporate capacity."[7]

Under the New York long-arm statute, "proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, *so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted.*"[8]

> Here, the first amended complaint alleges the following:
>
> • "On information and belief, Ellin has the authority to control Slacker and LiveOne with respect to the Sony Music Content, and *directs and participates in, has knowledge of, and receives a financial benefit from, the*

---

[6] *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467-68, 522 N.E.2d 40, 44 (1988).

[7] *Id.* at 470, 522 N.E.2d at 46.

[8] *Id.* at 467, 522 N.E.2d at 43 (emphasis added).

5

*conduct alleged herein.*"[9]

- "On information and belief, . . . . Ellin . . . controls the operations and decisions of either or both Slacker and LiveOne and *has knowingly and personally participated in the infringement described herein.*"[10]

- "On information and belief, . . . Ellin . . . had knowledge of the infringing activities of Slacker, and *knowingly contributed, induced and/or encouraged Slacker's infringing activities*, including without limitation by providing the means, resources, and/or support necessary for Slacker to carry out the infringement."[11]

- "On information and belief, . . . Ellin . . . had the right to supervise the infringing activities, *ha[d] a direct financial interest in these activities, and profited from Slacker's infringement* and either failed to or refused to exercise [his] right to stop it."[12]

Thus, Sony's allegations – the truth of which must be assumed for purposes of this motion – in substance are that Mr. Ellin directed and participated in the infringements alleged in the first amended complaint. What is more, he is said to have derived financial benefit from doing so. The first amended complaint therefore plainly alleges that his alleged "*activities here were*

---

[9] First Am. Compl. (Dkt 36) ¶ 15 (emphasis added).

[10] *Id.* ¶ 58 (emphasis added).

[11] *Id.* ¶ 65 (emphasis added).

[12] *Id.* ¶ 69 (emphasis added).

6

*purposeful and [that] there is a substantial relationship between th[ose activities] and the claim[s] asserted.*"[13]

In these circumstances, Mr. Ellin endeavors to dismiss the relevant allegations as unduly vague or general or impermissibly based on "information and belief." But those dogs will not hunt here either.

To be sure, some of Sony's allegations relating to Mr. Ellin are a bit general and somewhat conclusory. The problem for Mr. Ellin, however, is that Rule 8 in relevant part requires only "a short and plain statement of the grounds for the court's jurisdiction."[14] Rule 9, which requires more particularized allegations of certain matters, does not require special particularity with regard to jurisdictional allegations except in three narrow areas that have no bearing here.[15]

The fact that some of Sony's allegations were made "on information and belief" is no more helpful to Mr. Ellin. Allegations being made on information and belief is of no moment, at least where, as here, the facts upon which the allegations are based are entirely within the

---

[13] *Kruetter*, 71 N.Y.2d at 467, 522 N.E.2d at 43 (emphasis added).

[14] Fed. R. Civ. P. 8(a)(1).

[15] *Id.* 9(a)(1).

Mr. Ellin's contention that there are some New York cases that arguably have required greater particularity with respect to jurisdictional allegations, Def.'s Mem. Law Supp. Mot. Dismiss (Dkt 58) at 5 (citing *Art Cap. Bermuda, Ltd. v. Bank of N.T. Butterfield & Son Ltd.,* 169 A.D.3d 426, 427, 94 N.Y.S.3d 29, 30 (1st Dep't 2019)), even if accurate (a matter the Court need not address), would be beside the point. As this is a federal case, it is governed by the Federal Rules of Civil Procedure, not state procedural rules. *E.g., Berk v. Choy*, No. 24-440, 2026 WL 135974, at *3 (U.S. Jan. 20, 2026); *La Liberte v. Reid*, 966 F.3d 79, 87 (2d Cir. 2020); *Carroll v. Trump*, 590 F. Supp. 3d 575, 582-85 (S.D.N.Y. 2022) (Kaplan, J.).

defendant's control or appropriately may be inferred from other facts alleged.[16]  In this case, those other facts include, among other things, that Mr. Ellin is the chief executive officer of both corporate defendants, one of which allegedly withheld from Sony required payments of "millions of dollars,"[17] yet continued to use Sony's copyrighted work after termination of its license to do so.

It would be entirely reasonable to infer that the chief executive officer of a company withholding millions of dollars in payments allegedly due to another would have been personally involved, and likely the moving force, in the decisions to withhold the money and to continue using Sony's works after Sony terminated the licensing contract.[18]

In the last analysis, then, Sony's jurisdictional allegations are sufficient at this stage if, assuming their truth and drawing all reasonable inferences that might be drawn from them, they make out a plausible case for satisfaction of the long-arm statute as to Mr. Ellin.[19]  They certainly do so.  Whether Sony can prove them remains to be seen.

---

[16] *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010).

[17] First Am. Compl. (Dkt 36) ¶ 9.

[18] The Court notes that Mr. Ellin has not disputed that he was so involved.

While the Court need not, and does not, consider material outside the first amended complaint in deciding this motion, it observes that defendant LiveOne, the parent company of the other corporate defendant, reported to the SEC consolidated revenues for the six months ending September 30, 2025, of just shy of $38 million. LIVEONE, INC. QUARTERLY REPORT (FORM 10-Q) at F-2 (Nov. 14, 2025).

[19] *See Cooper v. Tisci*, No. 25-cv-4758 (LAK), 2025 WL 3470022, at *2-3 & nn. 31-38 (S.D.N.Y. Dec. 3, 2025).

8

*Due Process*

Sony contends that Mr. Ellin has waived any contention that the exercise of jurisdiction over him would violate due process. There is no need to decide that point, however, as the argument would be entirely without merit. "[A]s a practical matter, the Due Process Clause permits the exercise of jurisdiction in a broader range of circumstances [than] N.Y. C.P.L.R. § 302, and a foreign defendant meeting the standards of § 302 will satisfy the due process standard."[20]

*Sufficiency of the First Amended Complaint as to Mr. Ellin*

Mr. Ellin, as noted, is sued only on the infringement counts, which allege, in the alternative, direct, contributory, and vicarious infringement. He argues first that the direct infringement count is insufficient because personal participation in the infringing conduct is required to hold liable a corporate officer, which he contends is not alleged as to him. The first amended complaint, however, alleges precisely that.[21]

He next argues that the contributory infringement claim is deficient for failure to allege that he "had knowledge of the infringing activity and materially contributed to it."[22] But that too is alleged.[23]

---

[20] *Sony Music Ent. v. Univ. S. Cal.*, No. 25-cv-2042, 2026 WL 96694, at *9 (S.D.N.Y. Jan. 13, 2026) (quoting *Energy Brands Inc. v. Spiritual Brands, Inc.,* 571 F. Supp. 2d 458, 469 (S.D.N.Y. 2008)); *accord D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 105 (2d Cir. 2006).

[21] First Am. Compl. (Dkt 36) ¶¶ 15, 58.

[22] Def.'s Mem. Law Supp. Mot. Dismiss (Dkt 58) at 6.

[23] First Am. Compl. (Dkt 36) ¶ 65.

9

Finally, he contends that the vicarious infringement claim is bad because it fails to allege that he had the right and ability to supervise the infringing activity and a direct financial interest in it. But, again, that is alleged.[24]

Mr. Ellin's attempt to wave these allegations away by characterizing them as "bare recitations of the legal elements for officer liability without any supporting factual support," and reprising his previous argument about allegations made on information and belief,[25] does not advance the ball for him. Not only are the allegations in question factual in nature – as would be a great many allegations that a defendant acted in any manner, proof of which is an element of the alleged offense[26] – but no more is required in light of the notice pleading standard adopted by Rule 8(a).

---

[24] First Am. Compl. (Dkt 36) ¶ 69.

[25] Def.'s Mem. Law Supp. Mot. Dismiss (Dkt 58) at 6-7.

[26] For example, an allegation that a defendant "negligently drove . . . a motor vehicle against the plaintiff" and thus caused injury – which appeared in Form 12 to the Federal Rules of Civil Procedure until the forms were abrogated some years ago – stated a legally sufficient claim for negligence notwithstanding the complete lack of any particularity concerning the manner in which the vehicle was driven or as to the injuries sustained, not to mention the fact that the adverb "negligently" embodied at least in some degree a legal conclusion. COMM. JUD., H.R., FEDERAL RULES OF CIVIL PROCEDURE WITH FORMS 111 (2013), https://www.uscourts.gov/sites/default/files/federal_rules/FRCP12.1.2013.pdf. Indeed, former Rule 84 stated that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." *Id.* at 96. Moreover, the Advisory Committee Note to the 2015 amendment that abrogated Rule 84 and the forms appendix emphasized that "[t]he abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8."

*Conclusion*

        For the foregoing reasons, Mr. Ellin's motion to dismiss the first amended complaint (Dkt 57) is denied in all respects.[27]

        SO ORDERED.

Dated:       February 17, 2026

                                              Lewis A. Kaplan
                                              United States District Judge

---

[27] For the sake of clarity, the Court has excluded all materials outside the first amended complaint and any document incorporated therein by reference or integral to the first amended complaint that were submitted in support of the motion to dismiss or the opposition to the motion. Sony's motion for the Court to take judicial notice (Dkt 64) therefore is denied as moot.