

SIDLEY AUSTIN LLP                    +1 213 896 6047
350 SOUTH GRAND AVENUE               RRANSOM@SIDLEY.COM
LOS ANGELES, CALIFORNIA  90071
+1 213 896 6000
+1 213 896 6600 FAX

May 14, 2026

**BY ECF**

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

       Re:    *Sony Music Entertainment v. Slacker, Inc. et al.*, No. 25-cv-04824

Dear Judge Kaplan:

Sony writes to respond to Defendants Slacker's and LiveOne's request to "vacate any deemed admissions arising from [their] late responses" to Sony's requests for admission. Defs.' Resp. at 3. As Defendants concede, because they failed to timely respond to Sony's requests for admission, those requests are automatically deemed admitted. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ."). Sony recognizes that a reply is not typical for discovery motions and so will refrain from replying to Defendants' responses to Sony's motion to compel (though they are meritless), but Defendants' unrelated, affirmative request to excuse their deemed admissions requires a response.

As explained, Defendants provided late responses to every written discovery request propounded by Sony last year. Their responses were late, in part, because "Mr. Ellin, the chief executive officer of both corporate defendants, reportedly refused even to speak to their lawyer and ignored his written communications." Dkt. No. 74. This tardiness, among other things, caused Defendants to automatically admit Sony's requests for admission under Rule 36, and Defendants now seek relief from that basic tenet of the Rules of Procedure. The court should deny Defendants' request to excuse them from their default, because (a) excusing the admissions would not aid the merits, (b) Sony would be prejudiced by excusing that default this late into discovery, and (c) Defendants' own conduct caused the late responses.

When a matter is admitted under Rule 36 (as here), a court "has the power to make [an] exception[] to the Rule *only* when (1) the presentation of the merits will be aided *and* (2) no prejudice to the party obtaining the admission will result." *Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983) (first emphasis added) (citing Fed. R. Civ. Pro. 36(b)). Neither prong is met here. Regardless, "[b]ecause the language of the Rule is permissive, the court is not required to make an exception to Rule 36 *even if* both the merits and prejudice issues cut in favor of the

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

The Honorable Lewis A. Kaplan
May 14, 2026
Page 2

party seeking exception to the rule." *Id.* (emphasis added). The decision whether to grant a motion to excuse an automatic admission is "in the court's discretion." *Cement & Concrete Workers Dist. Council Welfare Fund v. Manny P. Concrete Co.*, 145 F.4th 204, 209 (2d Cir. 2025) (quoting *Donovan*, 703 F.2d at 651–52).

*First*, Defendants claim they need relief because the deemed admissions "establish Defendants' liability for breach of contract and copyright infringement," Defs.' Resp. at 3, but they do not argue (nor could they) "that any of the requests call for admissions that are plainly inconsistent with the facts." *SEC v. Thrasher*, No. 92-cv-6987, 1996 WL 460148, at *2–3 (S.D.N.Y. Aug. 13, 1996) (deeming requests admitted). Indeed, in their belated responses, they admit many of the requests outright. *See* Defs.' Resp. Ex. C at ¶¶ 1, 3, 6–8, 10, 16–17, 19, 21; *id.* Ex. F at ¶¶ 1, 3, 6–8, 30. To other requests, they respond inconsistently—Slacker admits things LiveOne denies. *Compare id.* Ex. C at ¶ 19, *with id.* Ex. F at ¶ 20; *compare id.* Ex. C at ¶ 21, *with id.* Ex. F. at ¶ 23.[1] And in their later requests of Sony, Defendants seem to admit things they purported to deny in their untimely responses. *Compare id.* Ex. C at ¶ 2, *and id.* Ex. F at ¶ 2 (denying an at-will extension of the Sixteenth Amendment), *with* Pl.'s Reply Ex. B at ¶ 8 (requesting an admission that there was an at-will extension of the Sixteenth Amendment). Moreover, in their Answer, Defendants do not even meaningfully dispute liability. *See* Dkt. No. 56 ¶¶ 9–10 (admitting Slacker failed to make monthly payments, that the license was terminated, and denying only "willful" copyright infringement). For those reasons, excusing Defendants from their deemed admissions would not aid the merits.

*Second*, Sony would be prejudiced by excusing Defendants' deemed admissions at this late stage. These statements have been deemed admitted for over six months for LiveOne and nearly nine months for Slacker, with discovery set to close in just over a month. Sony has litigated on the understanding that the Rules have deemed these statements admitted, and Defendants never sought to have the court excuse them—even though their current counsel has been retained *since at least mid-December*. Discovery previously closed with them admitted, and Sony only agreed to re-open discovery for two months to allow further factfinding, not to undo what little progress was made before the original cut-off. And even after discovery reopened, Defendants stayed mum for *four weeks*, only asking the Court to relieve their deemed admissions in a response to Sony's unrelated motion rather than in their own motion. That delay is reason enough to deny Defendants' request.

Moreover, permitting Defendants' "belated and patently insufficient set of responses" to stand would only lead to litigation over the "propriety of defendant's supplemental responses," further prejudicing Sony's effort to wrap up discovery and litigate the case. *Thrasher*, 1996

---

[1] LiveOne failed to accurately set forth verbatim Request for Admission 23 in its untimely response. *See* Pl.'s Reply Ex. A at ¶ 23 (referring to the "On Demand Service" not the "Service").

# SIDLEY

The Honorable Lewis A. Kaplan
May 14, 2026
Page 3

WL460148, at *3 & n.2 (deeming requests admitted where late-responding party "object[ed] to a number of requests on grounds that [we]re plainly meritless"). Defendants' late-made objections here are generally meritless, and it would be a waste of time to litigate them. For example, Defendants object that certain requests "call[] for a conclusion of law." *See* Defs.' Resp. Ex. C at ¶¶ 4, 9; *id.* Ex. F at ¶¶ 4, 9. But Rule 36 expressly permits requests for admission "relating to . . . the application of law to fact," Fed. R. Civ. P. 36(a)(1)(A), which is precisely what the challenged requests do. Defendants claimed they could not admit several other requests because of "the rule of completeness" (whatever that means), Defs.' Resp. Ex. C at ¶¶ 11–15; *id.* Ex. F at ¶¶ 22, 26–29, 31; in all events, needing context does not make a statement any less true. Defendants also stated that they couldn't answer certain requests "without first taking discovery from Sony," *id.* Ex. C at ¶ 5; *id.* Ex. F at ¶¶ 5, 10, but they did not seek discovery from Sony for months and, in any event, that is not accurate. Defendants could have admitted or denied the requests without obtaining discovery from Sony. Lastly, Defendants claimed that they could not admit or deny certain requests that are obviously within their ken, claiming, for example, that "there is no way to determine what funding was provided to Slacker by LiveOne." Defs.' Resp. Ex. F at ¶¶ 22, 25. These meritless objections only undergird why the Court should deny the belated request to excuse the admissions a month before discovery is set to close.

*Third*, even if both prongs were to cut in favor of Defendants, the court should nevertheless exercise its discretion to deny their request. *See Cement & Concrete*, 145 F.4th at 209–10. Contrary to their attempt to blame Mr. Ackerman, the late responses here are attributable to *Defendants'* conduct, not their former counsel's, as the Court already explained. *See* Dkt. No. 74 (describing Defendants' CEO's refusal to interact with their original counsel). Their plea to excuse their admissions gives no reason why the Court should excuse that behavior and instead attempts to cast blame elsewhere rather than take responsibility. But even if the failure to respond "constituted clear error by their previous counsel" and even if "the allegations in the RFA are 'at the heart of the controversy,'" that is not excuse enough. *MS Elmsford Snack Mart, Inc. v. Weil*, No. 14-cv-2226, 2018 WL 1281829, at *6 (S.D.N.Y. Mar. 5, 2018) (finding no excuse where party blamed prior counsel and claimed they had not received the RFAs, relying on the "presumption that the addressee received it").

Defendants also claim they should be excused because "the delay was brief (three to five weeks)," Defs.' Resp. at 3, but that period is neither out of the norm nor dispositive. Courts have refused to excuse delays even shorter or similar in length. *See, e.g.*, *Li v. Greatcare, Inc.*, 24-cv-7401, 2026 WL 32844, at *1 (S.D.N.Y. Jan. 5, 2026) (denying request for extension filed one week after the deadline); *Ramirez v. IDD Cars, LLC*, No. 23-cv-5716, 2025 WL 3496355, at *2 n.5 (S.D.N.Y. Dec. 4, 2025) (deeming matter admitted where party was "given nearly 60 days to respond to [an] RFA," *i.e.* 30 more than the rules contemplate, "and failed to do so" without explanation). And Defendants' argument in this regard ignores their persisting *months* of delay in seeking relief from their admissions—indeed, even after the interim stay was lifted and discovery reopened, Defendants' new counsel took no action for *weeks*, and only raised the issue in



The Honorable Lewis A. Kaplan
May 14, 2026
Page 4

response to Sony's motion respecting Defendants' ongoing discovery failures in multiple other respects. Defendants should not be rewarded for their disregard of this action with last-minute relief from their automatic admissions.

Sincerely,
/s/ Rollin A. Ranson
Rollin A. Ransom
Tyler J. Domino

cc:    Counsel of record (via ECF)