UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SONY MUSIC ENTERTAINMENT,

                              Plaintiff,

          -against-                                    25-cv-4824 (LAK)


SLACKER, INC., et al,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


### MEMORANDUM AND ORDER GRANTING IN PART
### AND DENYING IN PART MOTION TO COMPEL


LEWIS A. KAPLAN, *District Judge*.

          This action is before the Court on plaintiff's motion to compel defendants (1) to produce all documents responsive to plaintiff's first set of requests for production, (2) to respond without objection to plaintiff's second set of interrogatories, and (3) to sit for depositions. Defendants already have agreed to comply with some of these requests. Nevertheless, to the extent plaintiff's motion has not been rendered moot by defendants' voluntary compliance, it is granted in part and denied in part.


                              *Facts*

          As relevant here, plaintiff served on defendant Slacker, Inc. ("Slacker") – through defendants' former counsel – its first set of requests for production on July 28, 2025.[1] Plaintiff

---

[1]      Mot., Ex. A (Dkt 75-1) at 10.

2

served the same on defendant LiveOne, Inc. ("LiveOne") – again, through defendants' former counsel – on September 16, 2025.[2] Slacker responded a week later,[3] promising to produce non-privileged, responsive documents and issuing several untimely objections.[4] It, however, did not produce any documents at that point.

In October 2025, plaintiff twice sought to meet and confer with defendants' former counsel regarding (a) what it viewed as deficiencies in Slacker's response to the first set of requests for production and (b) LiveOne's lack of response.[5] It then served on LiveOne and Slacker – still through defendants' former counsel – its second set of interrogatories on November 3, 2025.[6] It further sought to depose defendants in December 2025, issuing notices of deposition on November 18, 2025.[7]

Although the parties – including defendants' former counsel – met and conferred on November 4, 2025, and Slacker produced a single responsive document on that date,[8] defendants' former counsel subsequently withdrew from the representation on November 18, 2025,[9] after

---

[2] Mot., Ex. B (Dkt 75-2) at 12.

[3] Mot., Exs. C (Dkt 75-3) at 8, D (Dkt 75-4) at 4.

[4] *See* Fed. R. Civ. P. 34(b)(2)(A).

[5] Mot., Exs. E (Dkt 75-5), F (Dkt 75-6).

[6] Mot., Exs. J (Dkt 75-9), I (Dkt 75-10) at 6.

[7] Mot., Exs. K (Dkt 75-11), L (Dkt 75-12), M (Dkt 75-13).

[8] Mot. (Dkt 75) at 2.

[9] Order (Dkt 35).

defendants reportedly ceased communicating with him and failed to pay him for any of his services.[10]

LiveOne – then through corporate counsel – finally responded to plaintiff's first set of requests for production on November 24, 2025,[11] promising to produce non-privileged, responsive documents and issuing several untimely objections.  Slacker – also through corporate counsel – produced to plaintiff a set of documents that same day.[12]  And, the next day, defendants' corporate counsel sought to postpone the noticed depositions until after defendants retained new counsel.[13]

Defendants ultimately retained new counsel on December 15, 2025.[14]  Defendants then sought and received an extension to respond to the first amended complaint.[15]  And defendant Robert Ellin – through the same new counsel – filed a motion to dismiss on January 12, 2026,[16] which this Court denied about a month later.[17]  On April 15, 2026, the Court ordered that "all discovery shall be completed no later than June 15, 2026."[18]  Despite multiple meet and confers

---

[10] *See* Mem. Endorsement (Dkt 74).

[11] Mot., Ex. D (Dkt 75-4) at 3, 13.

[12] Mot., Ex. H (Dkt 75-8) at 1.

[13] Mot., Ex. N (Dkt 75-14) at 1.

[14] Notice of Appearance (Dkt 46).

[15] Mem. Endorsement (Dkt 49).

[16] Ellin's Mot. Dismiss (Dkt 57).

[17] Mem. Op. (Dkt 71).

[18] Mem. Endorsement (Dkt 74).

4

since then, defendants still have not produced more documents, answered plaintiff's outstanding interrogatories, or sat for depositions.[19]

In response to the present motion, defendants assert that they already responded to plaintiff's requests for production.[20]  They do not, however, indicate whether they possess other responsive documents that they have not produced yet, either on the basis of privilege or some other unspecified objection.  They separately ask the Court to vacate any deemed admissions arising from their late responses to plaintiff's requests for admission, which were not a subject of the present motion.  Defendants provided these untimely responses at the same time that they provided their untimely responses and objections to plaintiff's requests for production.[21]  Finally, defendants stated that they would "strive to serve responses" to plaintiff's second set of interrogatories – which, as noted, were served in November 2025 – by May 22, 2026, and that they would be "prepared to sit for depositions before the June 15, 2026 discovery deadline."[22]

## *Discussion*

The Court includes such a lengthy account of the procedural history to make clear that (1) the delays in discovery (and thus any untimely objections or admissions) that occurred in the fall likely were the result of a breakdown in defendants' attorney-client relationship with former

---

[19]  *See* Mot. (Dkt 75) at 3-4.

[20]  Opp'n (Dkt 77) at 1 ("Defendants did respond to Sony's First Set of discovery requests, including Requests for Production, Interrogatories, and Requests for Admissions.").

[21]  *See id.* at 1-2.

[22]  *Id.* at 4.

counsel, which was substantially due to defendants, (2) there since has been ample opportunity for defendants – with current counsel – to address those delays or otherwise to move for relief, and (3) despite actively litigating the case in other ways since retaining current counsel, defendants have declined to comply with outstanding discovery demands or to seek any relief from the Court until plaintiff filed the present motion.

In these circumstances, it is only appropriate that defendants produce all documents responsive to the requests for production by June 4, 2026. To the extent defendants withhold any responsive materials, they must so state, identify the withheld materials, and state with specificity the basis of any objection.[23] Defendants must respond without objection to plaintiff's second set of interrogatories also by June 4, 2026.[24] And defendants must sit for depositions of up to seven hours on dates on or before June 15, 2026, of plaintiff's choosing.

Additionally, the Court declines to vacate defendants' deemed admissions arising from their untimely responses to plaintiff's requests for admission substantially for the reasons provided by plaintiff.[25] It bears emphasis that in the five months that current counsel has represented defendants, defendants have declined to seek such relief. They now do so not on their own motion but in opposition to plaintiff's unrelated motion to compel. These deemed admissions are part of the bed that defendants made and maintained and thus are part of the bed in which they must lie.

---

[23] *See* Fed. R. Civ. P. 34(b)(2)(B)-(C).

[24] *See* Fed. R. Civ. P. 33(b)(4).

[25] *See* Pl.'s May 14, 2026 Letter (Dkt 78).

6

## *Conclusion*

For the foregoing reasons, plaintiff's motion to compel (Dkt 75) is granted to the extent described above.  Defendants had no substantial basis for the conduct that occasioned this motion and the relief granted here.  Defendants shall promptly pay to plaintiff, pursuant to Rule 37(d)(1), the reasonable expenses incurred by plaintiff, which the Court deems to have been $5,000. This sanction shall be paid by defendants, who shall be jointly and severally liable.

SO ORDERED.

Dated:      May 28, 2026

_____
Lewis A. Kaplan
United States District Judge