SIDLEY

SIDLEY AUSTIN LLP
350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071
+1 213 896 6000
+1 213 896 6600 FAX

+1 213 896 6047
RRANSOM@SIDLEY.COM

**MEMORANDUM ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 7/8/2026

July 7, 2026

**BY ECF**

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Sony Music Entertainment v. Slacker, Inc. et al.*, No. 25-cv-04824

Dear Judge Kaplan:

Sony Music Entertainment ("Sony") writes to request that the court keep under seal certain, narrow information related to third-party platforms discussed in the Sony's 30(b)(6) deposition, a transcript of which Defendants attached as Exhibit 3 to their Motion to Reopen Discovery ("Motion"), filed on June 29, 2026. As required by the Stipulated Confidentiality Agreement and Protective Order entered by the Court in this action on June 9, 2026 (the "Protective Order"), Defendants filed the transcript under seal, giving both parties seven business days to move to seal any or all of the transcript. Dkt. 86 at 10. Sony now moves to maintain under seal a handful of short portions of the transcript that contain non-public and commercially sensitive business information, which (importantly) were not discussed in or relevant to Defendants' Motion. Sony has no objection to the rest of the transcript (or any portions of the Motion or Sony's response) being filed publicly. Sony has met and conferred with Defendants in advance of filing, and Defendants consent to maintaining these portions of testimony under seal.[1]

The limited portions of the deposition transcript that Sony requests remain under seal appear on pages 170 and 256–58. They each discuss Sony's confidential and commercially sensitive information regarding Sony's relationship with third-party platforms. None of the portions of the transcript Sony seeks to keep under seal is mentioned in or in any way relevant to

[1] At the time Defendants filed their Motion (and Sony opposed), the entire transcript was presumptively confidential under the Protective Order as fewer than seven business days had passed since the parties had received a final transcript. *See* Dkt. 86 at 8. Now, but for those passages on which Sony moves, the parties have not designated any other portion of the transcript as confidential. Accordingly, once the Court rules on this motion, and consistent with the Court's order, each party will take appropriate steps to ensure their respective papers that were filed under seal are filed on the public docket.

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

SIDLEY



Defendants' Motion.[2] Sony has attached to this letter motion as Exhibit A its proposed, narrowly tailored redactions to those pages of the transcript. For the Court's convenience, Sony is contemporaneously re-filing this letter motion under seal with the proposed redactions in Exhibit A highlighted.

**Legal Standard.** To evaluate a motion to seal, a court must first determine if the filed documents are "relevant to the performance of the judicial function and useful in the judicial process" and thus "judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d. Cir. 2006). The Second Circuit has "emphasized that 'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). Second, if the court determines that the documents are judicial documents, "it must determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. The weight of that presumption is "weak" where the "relevance [of the information] to . . . the motion is minimal." *City of Almaty v. Ablyazov*, 2021 WL 1177737, at *1 (S.D.N.Y. Mar. 29, 2021) (Nathan, J.). Third, "after determining the weight of the presumption of access, the court must" balance "countervailing factors" against it, including the "privacy interests of those resisting disclosure." *Id.* at 120. Further, a court should find there is no First Amendment right of access where sealing a judicial document is necessary to "preserve higher values" and is "narrowly tailored" to serve those countervailing higher values. *Id.* at 120 (citation omitted).

**Application.** Defendants filed the entire transcript of Sony's corporate deposition in support of its Motion. *See* Dkts. 101-3 (redacted)/102-3 (under seal). Sony now seeks to maintain under seal two short portions of that transcript—neither of which was mentioned in, nor is in any way relevant to, Defendants' Motion—that discuss Sony's confidential business information. Given they are irrelevant to any judicial function, no presumption of public access applies to these portions of the transcript. But even if one did, any such presumption would be weak and outweighed by Sony's countervailing interests.

*First*, no presumption of public access attaches to the limited portions of Sony's 30(b)(6) deposition transcript that it seeks to maintain under seal. They are not "relevant to the performance of the judicial function [nor] useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quoting *Amadeo I*, 44 F.3d at 145). Nowhere in Defendants' Motion or in Sony's opposition did any party rely on these portions of the transcript. For good reason: They are irrelevant to the relief Defendants sought. Defendants moved for additional 30(b)(6) depositions based on supposed gaps in Sony's designee's knowledge about certain topics. Dkt. 101/102. Yet Sony's designee fully answered Defendants' questions within the portions of the deposition Sony seeks

[2] Defendants include a pin cite to page 258:3-7, *see* Mot. at 2, 4, but the proposition that citation purports to support is on page 259 and is not what Sony seeks to maintain under seal now.

SIDLEY



to keep under seal.[3] Accordingly, these portions of the transcript did not "reasonably have the tendency to influence the district court's ruling on [Defendants'] motion," so "no presumption of public access attaches." *Brown*, 929 F.3d at 49 (citing *Amodeo I*, 44 F.3d at 145-45).

Moreover, this motion never should have been necessary. Sony notified Defendants that it was designating these portions of the transcript as Attorneys' Eyes Only under the Protective Order, and they could therefore have filed only those portions of the transcripts (with relevant context) that they cited in their Motion. Defendants' decision to file the full transcript instead, necessitating this motion, does not change the calculus on whether these portions are judicial documents because "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Amodeo I*, 44 F.3d at 145. And had Defendants been more targeted in what they filed, there would have been no question that these statements, which "simply passed between the parties in discovery," would "lie entirely beyond the presumption's reach." *Brown*, 929 F.3d at 50 (citation omitted).[4]

*Second*, rather than a presumption of access, "a strong presumption *against* public access" actually applies here because this testimony is "pretrial discovery materials held under seal pursuant to a protective order." *SEC v. TheStreet.com*, 273 F.3d 222, 234-35 (2d Cir. 2001) (emphasis in original). Sony's designee provided this deposition testimony "in reasonable reliance" on the Protective Order entered in this case, which expressly protects "Discovery Material provided in connection with this litigation" designated "Confidential-ATTORNEY'S EYES ONLY" "including by statement on the record of [a] deposition." *See id.* at 229 (discussing *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291 (2d Cir. 1979)); Dkt. 86 at 2–3; *see also* Tr. 171:9–12, 257:5–8 (counsel flagging during the deposition that Sony would likely be designating these portions as Attorneys' Eyes Only under the Protective Order).

*Third*, even if the Court were to conclude that some presumption of public access attached, it would be "a low presumption that 'amounts to little more than a prediction of public access absent a countervailing reason,'" because the testimony at issue "play[ed] only a

---

[3] Moreover, the portions of the transcript Sony seeks to maintain under seal are irrelevant to this lawsuit as a whole. As Sony previously argued (Dkt. 84 at 2), its relationship with other platforms is irrelevant to whether the corporate Defendants here (a) breached their agreement with Sony or (b) were excused from doing so. Indeed, both corporate Defendants have admitted as much.

[4] Indeed, some courts have held that documents passed in discovery are still not considered judicial documents even "when a Court assesses such documents in a discovery motion." *King v. Habib Bank Ltd.*, 2025 WL 212767, at *2 (S.D.N.Y. Jan. 16, 2025) (citing *Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021) ("Even when the Court assesses such documents in the context of a discovery motion, such as a motion to compel, the documents remain non-judicial.")).

SIDLEY



negligible role" (if any role at all) "in the performance of Article III duties." *Brown*, 929 F.3d at 49–50 (2d Cir. 2019) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*")). As described above, the statements' "relevance to . . . [the] motion is minimal, and so only a weak presumption of public access applies." *City of Almaty*, 2021 WL 1177737, at *1 (sealing, among other documents, "portions of deposition testimony describing unrelated financial holdings" because the Court "did not rely on these documents in deciding [a] motion"). The presumption is also lessened because the transcript was filed in support of a non-dispositive discovery motion. *See Health & Happiness (H&H) US LLC v. Nutramax Laby's, Inc.*, 2026 WL 836795, at *2 (S.D.N.Y. Mar. 26, 2026).

*Fourth*, as opposed to any weak presumption of access that may apply, Sony has strong countervailing privacy and business interests in maintaining the confidentiality of the designated portions of the transcript. Sony seeks to seal portions of the transcript that reveal its business relationships and dispute resolution strategies with named third parties. If this information were publicly disclosed, it would hinder Sony's ability to competitively negotiate contracts with licensees and would reveal non-public information about Sony's licensees and business practices to its competitors. This sort of competitive business information, including non-public information concerning dispute resolution and business practices, are appropriately sealed. *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, *6 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal confidential information, including information regarding settlements with third parties); *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal concerning redactions "limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (internal quotation and citation omitted). Accordingly, Sony's interest in protecting its confidential business information outweighs any slight presumption of public access, to the extent there is any, to these lines of the transcript.

*Finally*, Sony's proposed redactions are "narrowly tailored to preserve" its "privacy and business interests." *King v. Habib Bank Ltd.*, 2025 WL 212767 at *2 (S.D.N.Y. Jan. 16, 2025). Sony has requested to redact only two short snippets of testimony that directly discuss its business relationships with third-party platforms, and no more.

* * *

For the foregoing reasons, Sony respectfully requests that the Court order that the proposed portions of the transcript remain redacted and under seal when the full transcript is otherwise filed publicly.

**Granted.**

SO ORDERED

/s/ Lewis A. Kaplan
Lewis A. Kaplan, USDJ

Dated: July 8, 2026