Case 1:25-cv-04824-LAK Document 136 Filed 07/24/26 Page 1 of 5

SIDLEY

SIDLEY AUSTIN LLP
350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071
+1 213 896 6000
+1 213 896 6600 FAX

+1 213 896 6047
RRANSOM@SIDLEY.COM

**MEMORANDUM ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 7/27/2026

July 24, 2026

**BY ECF**

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Sony Music Entertainment v. Slacker, Inc. et al.*, No. 25-cv-04824

Dear Judge Kaplan:

Pursuant to the Stipulated Confidentiality Agreement and Protective Order entered by the Court (the "Protective Order"), Dkt. 86, Sony Music Entertainment ("Sony") writes to request that the Court maintain under seal two unexecuted draft amendments to the parties' licensing agreement. In particular, Sony requests the Court keep under seal:

- The draft Seventeenth Amendment filed as Exhibit K to Scott M. Lupiani's Declaration in support of LiveOne's motion for summary judgment (Dkt. 126) (attached as Ex. A);
- Narrow references to the contents of the draft Seventeenth Amendment in LiveOne's memorandum in support of its motion for summary judgment motion (Dkt. 124), in Ellin's supporting declaration (Dkt. 125), and in LiveOne's statement of undisputed material facts (Dkt. 128) (excerpts attached as Exs. B–D, respectively); and
- The draft Amendment from 2011 filed as Exhibit N to Scott M. Lupiani's Declaration in support of Ellin's motion for summary judgment (Dkt. 131) (attached as Ex. E).[1]

LiveOne filed the draft Seventeenth Amendment in support of its motion to cap its contract damages at $250,000, *see* Dkt. 124 at 11–12,[2] but Sony agrees that LiveOne's contractual liability is capped at $250,000 and has never sought more (but for pre- and post-

[1] For the Court's convenience, Sony is contemporaneously re-filing this letter motion under seal with the full draft amendments as Exhibits A and E and Sony's narrowly tailored proposed redactions to Exhibits B–D highlighted. The public version includes a slipsheet for the full draft amendments and the proposed redactions in Exhibits B–D.

[2] Pin cites to the docket are to the ECF page number.

Case 1:25-cv-04824-LAK Document 136 Filed 07/24/26 Page 2 of 5



judgment interest, which the motion does not discuss), *see* Dkt. 36 at 17 (Prayer for Relief (3) seeks "$250,000 plus interest" for breach of LiveOne's guarantee); Dkt. 127 at 10 (Pretrial Order) (same). For his part, Ellin filed the draft 2011 Amendment solely to support the simple, undisputed background proposition that "Slacker operated a digital music streaming platform that licensed content from various music labels, including Sony," Dkt. 130 at 8, despite the fact that Sony alleged nearly the same thing and other evidence fully supports the point.

Under the Protective Order, Defendants were required to file documents Sony designated as confidential under seal to give Sony the ability to move to seal within seven business days. Dkt 86 at 10. Defendants failed to comply with the Protective Order and instead filed the above-referenced documents on the public docket, but upon Sony's demand, Defendants asked the Court to belatedly seal the documents, which was done on July 20, 2026.[3]

Sony now moves to maintain under seal these two documents and related references, which are not relevant to the judicial function and which otherwise contain non-public and commercially sensitive business information. Sony has met and conferred with Defendants in advance of filing, and Defendants do not object to the relief requested.[4]

**Legal Standard.** To evaluate a motion to seal, a court must first determine if the filed documents are "relevant to the performance of the judicial function and useful in the judicial process" and thus "judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d. Cir. 2006). Generally, "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents." *Id.* at 121. However, the Second Circuit has acknowledged that this rule "relies on the general principle that parties may 'be assumed to have supported their papers with . . . non-frivolous arguments.'" *Brown v. Maxwell*, 929 F.3d 41, 47 n.12 (2d Cir. 2019) (quoting *Lugosch*, 929 F.3d at 121). Where a district court has found that this "assumption [is] inapplicable" the "categorical rule in *Lugosch* may not apply." *Id.* Second, if the court determines that the documents are judicial documents, "it must determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. The weight of that presumption is "weak" where the "relevance [of the information] to . . . the motion is minimal." *City of Almaty v. Ablyazov*, 2021 WL 1177737, at *1 (S.D.N.Y. Mar. 29, 2021) (Nathan, J.). Third, "after determining the weight of the presumption of access, the court must" balance "countervailing factors" against it, including the "privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120. Further, a court should find there is no First Amendment right of

---

[3] Sony reserves all rights, remedies, and arguments as to Defendants' violation of the Protective Order.

[4] But for the two draft amendments discussed above (and references to their content), Sony has no other objections to the remaining material currently filed under seal being made public.

access where sealing a judicial document is necessary to "preserve higher values" and is "narrowly tailored" to serve those countervailing higher values. *Id.* at 120 (citation omitted).

**Application.** The Court should maintain under seal the draft Seventeenth and 2011 Amendments filed as exhibits to Defendants LiveOne's and Ellin's motions.

*First*, LiveOne cites the Seventeenth Amendment solely to support its (uncontested) claim that it is only liable for the $250,000 of Slacker's unpaid contract balance that it guaranteed. Dkt. 124 at 11–12. But from the outset of this lawsuit until today, Sony has only sought $250,000 (plus interest) from LiveOne under the contract. *See, e.g.*, Dkt. 36 at 17 (Am. Compl.); Dkt. 127 at 10 (Pretrial Order). Thus, this branch of the motion was unnecessary. Moreover, Sony has never cited the never-executed Seventeenth Amendment as a basis for any claim at all. So LiveOne's citations to—and full inclusion of—that document were irrelevant to any claim or defense in this action and thus neither "relevant to the performance of the judicial function [nor] useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Indeed, the strawman LiveOne built that Sony would argue that an unexecuted agreement would give rise to a claim (in the face of Sony's complaint to the contrary) should rebut the "general principle that parties may 'be assumed to have supported their papers with . . . non-frivolous arguments.'" *Brown*, 929 F.3d at 47 n.12. Accordingly, no presumption of access should attach.

And Ellin only cites to the draft 2011 Amendment for the basic background proposition that "Slacker operated a digital music streaming platform that licensed content from various music labels, including Sony." Dkt. 130 at 8. Setting aside that the draft amendment is oblique evidence of this point at best, it is also entirely unnecessary. Sony *agrees* that Slacker licensed content from Sony prior to termination, and Slacker's failure to pay its licensing fees is the entire basis for Sony's complaint. Moreover, each time Ellin cites the draft 2011 Amendment, he also cites to non-confidential evidence that more directly supports his proposition. *See, e.g.*, Dkt. 130 at 6 (also citing the fully executed Fifteenth and Sixteenth Amendments). The draft 2011 Amendment, therefore, also has no relevance "to the judicial function" and is not "useful in the judicial process." *Lugosch*, 435 F.3d at 119. The Court has no need, at all, to turn to this exhibit. Accordingly, the "categorical rule in *Lugosch*" should not apply, *see Brown*, 929 F.3d at 47 n.12, and no presumption of access should attach.

*Second*, "to the extent these documents qualify as judicial documents, their relevance to the summary judgment motion is minimal" at best, "and so only a weak presumption of public access applies." *City of Almaty*, 2021 WL 1177737, at *1. Courts routinely conclude that irrelevant material attached to a motion for summary judgment is only entitled to a weak presumption of public access because it plays little role in the Court adjudicating the motion. *See, e.g.*, *id.* at *2 (granting motion to seal an agreement because it was "essentially irrelevant to the summary judgment motion, and the Court did not consider [it]"); *Fernandez v. City of N.Y.*,

Case 1:25-cv-04824-LAK Document 136 Filed 07/24/26 Page 4 of 5



457 F. Supp. 3d 364, 400 (S.D.N.Y. 2020) (sealing records that were "not significant in resolving Defendants' motion [for summary judgment]"); *Echkart v. Fox New Network, LLC*, 2024 WL 4931857, at *3 (S.D.N.Y. Dec. 2, 2024) (sealing "irrelevant" information attached to summary judgment motion and finding a "weak presumption of access"). A weak presumption of access (if any) applies to these draft amendments because they were each used to move for summary judgment on an uncontested issue and are "essentially irrelevant to the summary judgment motion[s]." *City of Almaty*, 2021 WL 1177737, at *2.

*Third*, Sony has strong countervailing privacy and business interests in maintaining the confidentiality of the draft amendments to its former agreement with Slacker. Licensing agreements are a critical component of Sony's revenue, and their terms are nonpublic. When the terms of Sony's draft licensing agreements are publicly disclosed, it harms Sony's ability to competitively negotiate contracts with other licensees and reveals non-public information about Sony's negotiation strategy and business practices to its competitors. Indeed, this harm is *particularly* potent with respect to draft agreements of the sort at issue here; in addition to being non-public, such drafts reflect terms that may or may not ultimately be reflected in an executed agreement and thus are particularly probative of Sony's negotiating positions and strategy. Documents containing this sort of competitive business information are appropriately sealed. *See, e.g.*, *Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, 2024 WL 3965936, at *2 (S.D.N.Y. Aug. 27, 2024) (sealing sensitive licensing agreement "in its entirety" that could "disadvantage[] [the moving party] in negotiating licensing agreements" (cleaned up)); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (sealing materials that contained "the terms of confidential trademark licensing agreements between [the moving party] and its licensees). Accordingly, Sony's interest in protecting its confidential business information outweighs any slight presumption of public access, to the extent there is any, to the draft amendments.

*Finally*, Sony's proposed redactions and exclusions from the public record are "narrowly tailored to protect[]" its "sensitive business information." *Hanks v. Voya Retirement Ins. and Annuity Co.*, 2021 WL 2451981, at *2 (S.D.N.Y. June 16, 2021) (granting motion to redact some documents and seal others in their entirety because both requests were narrowly tailored). Sony seeks to maintain under seal only two of several exhibits previously marked confidential, neither of which has any relevance to the dispute.

* * *

For the foregoing reasons, Sony respectfully requests that the Court order that the draft Seventeenth and 2011 Amendments (and a handful of references to the former's contents) remain redacted and under seal.

**Granted.**

Dated: July 27, 2026

Lewis A. Kaplan, USDJ