Case 1:25-cv-04824-LAK Document 160 Filed 08/21/26 Page 1 of 3

PF PIERSON FERDINAND

**MEMORANDUM ENDORSED**

**Scott Michael Lupiani**
PARTNER

Office: 1270 Avenue of the Americas
7th Floor—1050
New York, NY 10020
Direct: 716.818.7328
Email: scott.lupiani@pierferd.com

August 21, 2026

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 8/24/2026

**BY ECF**

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Sony Music Entertainment v. Slacker, Inc. et al.*, Case No. 1:25-cv-04824-LAK

Dear Judge Kaplan:

Defendants Slacker, Inc., LiveOne, Inc., and Robert Ellin (collectively, "Defendants") respectfully move that the Court maintain under seal certain limited portions of Exhibit C to the Declaration of Rollin A. Ransom in Opposition to Defendant Robert Ellin's Amended Motion for Summary Judgment (the "Ransom Opp. Decl.") (Dkt. 158-3), and the corresponding portions of Plaintiff Sony Music Entertainment's ("Sony") Local Rule 56.1 Response to Ellin's Amended Statement of Undisputed Material Facts (Dkt. 154), both filed August 14, 2026. As required by the Stipulated Confidentiality Agreement and Protective Order entered by the Court in this action (ECF No. 86) (the "Protective Order"), Sony filed these materials in redacted form on the public docket, together with unredacted versions under seal, because the redacted passages disclose Defendants' non-public financial communications that Defendants have designated "Confidential" under the Protective Order. Dkt. 86 ¶ 19.

The following portion of Exhibit C to the Ransom Opp. Decl. (Dkt. 158-3) reflects Defendants' confidential financial communications and was filed in redacted form:

- The response to Interrogatory No. 1, insofar as it describes certain internal and external communications concerning Slacker's account status and Defendants' compliance efforts following the termination of the parties' agreement (Dkt. 158-3 at 7–8).

The following corresponding portions of Sony's Local Rule 56.1 Response (Dkt. 154) reflect the same confidential financial communications and were likewise filed in redacted form:

- The response to Alleged Undisputed Fact No. 32, insofar as it redacts the same category of communications concerning Slacker's account status and compliance efforts (Dkt. 154 at 26); and

- Additional Undisputed Material Facts Nos. 27 and 28, insofar as they redact a related communication referenced in Exhibit E to the Declaration of Daniel Blumberg (Dkt. 118-5) (Dkt. 154 at 40–41).

None of the remaining papers filed in connection with Sony's Opposition to Ellin's Motion for Summary Judgment—including Sony's Memorandum of Law in Opposition (Dkt. 153), the remaining exhibits to the Ransom Opp. Decl. (Exhibits A, B, and D, and the balance of Exhibit C), or the balance of Sony's Local Rule 56.1 Response—is independently subject to sealing. Sony filed each of those materials on the public docket, redacting only the discrete passages identified above.

To evaluate a motion to seal, a court must first determine if the filed documents are "relevant to the performance of the judicial function and useful in the judicial process" and thus "judicial documents." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006). Second, if the documents are judicial documents, the court must determine the weight of the presumption of public access, which turns on the extent to which the documents were relied upon in resolving the underlying motion. *Id.* Third, the court must balance countervailing factors against that presumption, including the privacy and business interests of those resisting disclosure. *Id.* at 120.

The redacted passages identified above concern Defendants' non-public financial communications and internal business information that Defendants designated "Confidential" under the Protective Order because they reveal sensitive, non-public information about Defendants' financial condition and negotiating position. Defendants provided this information in discovery in reasonable reliance on the Protective Order entered in this case. *See SEC v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001).

To the extent a presumption of public access attaches to these passages because they are referenced in filings related to Ellin's dispositive summary judgment motion, see *Lugosch*, 435 F.3d at 121, that presumption is outweighed here by Defendants' strong countervailing interest in protecting non-public financial information from disclosure to competitors, business counterparties, and the public. Courts in this District routinely permit sealing or redaction of specific financial terms and payment histories even where the surrounding contractual dispute is otherwise litigated publicly, because disclosure of such granular financial information would provide competitors and other counterparties with insight into a party's financial condition and negotiating position. *See, e.g., Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021); *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).

The requested sealing is narrowly tailored. Defendants seek to maintain under seal only the specific passages identified above that disclose Defendants' confidential financial communications—not any portion of the underlying legal arguments or factual record. Sony's Memorandum of Law, the balance of Sony's Local Rule 56.1 Response, and the remaining exhibits to the Ransom Opp. Decl. were filed publicly, so the substance of the parties' arguments and the record on Ellin's summary judgment motion remains fully available to the public.

* * *

For the foregoing reasons, Defendants respectfully request that the Court maintain the identified portions of Exhibit C to the Ransom Opp. Decl. and Sony's Local Rule 56.1 Response under seal.

**Granted.**

SO ORDERED

Dated: August 24, 2026

Lewis A. Kaplan, USDJ

Case 1:25-cv-04824-LAK Document 160 Filed 08/21/26 Page 3 of 3

Respectfully submitted,

*Scott M. Lupiani*
Scott M. Lupiani, Esq.

cc: Counsel of record (via ECF)