Case 1:25-cv-0482_ LAK Document 161 Filed 08/21_ Page 1 of 3

PF PIERSON FERDINAND

Scott Michael Lupiani
PARTNER

Office: 1270 Avenue of the Americas
7th Floor—1050
New York, NY 10020
Direct: 716.818.7328
Email: scott.lupiani@pierferd.com

MEMORANDUM ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 8/24/2026

August 21, 2026

**BY ECF**

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Sony Music Entertainment v. Slacker, Inc. et al.*, Case No. 1:25-cv-04824-LAK

Dear Judge Kaplan:

Defendants Slacker, Inc., LiveOne, Inc., and Robert Ellin (collectively, "Defendants") respectfully submit this letter motion to request that the Court maintain under seal certain exhibits attached to the Declarations of Scott M. Lupiani and Robert Ellin, filed August 14, 20206 in support of Defendants' Opposition to Plaintiff Sony Music Entertainment's ("Sony") Motion for Summary Judgment (ECF 156). As required by the Stipulated Confidentiality Agreement and Protective Order entered by the Court in this action (ECF No. 86) (the "Protective Order"), Defendants filed the exhibits identified below under seal, together with appropriately redacted public versions, because each bears either Defendants' or Sony's "Confidential" designation under Paragraph 19 of the Protective Order. Dkt. 86 ¶ 19.

The following exhibits filed with the Declaration of Scott M. Lupiani bear either Defendants' or Sony's confidential designation and were filed under seal:

- Exhibit A: Interim Fifteenth Amendment to the Content Integration Agreement between Sony and Slacker, Inc. (April 30, 2022) (Bates Nos. SME010360–10413);
- Exhibit B: Interim Sixteenth Amendment to the Content Integration Agreement (April 30, 2023) (Bates No. SME010919);
- Composite Exhibit C: Interim Seventeenth Amendment to the Content Integration Agreement (April 30, 2024) (Bates Nos. SME000949 / DEFS002021);
- Exhibit E: Sony's Cease and Desist Letter and related correspondence (March 19, 2025) (Bates Nos. DEFS001100–DEFS001126, DEFS001142); and
- Composite Exhibit S: documents reflecting Sony's requests for broader guarantees (Bates Nos. SME010363, SME010554, SME010707, SME009986, SME011508).

The following exhibits filed with the Declaration of Robert Ellin likewise bear either Defendants' or Sony's confidential designation and were filed under seal:

- Composite Exhibit A: representative correspondence reflecting the parties' twenty-year course of dealing and contract negotiation history, including the July 2020 termination and reinstatement (Bates Nos. SME006350, SME006648, SME009053, SME009061, DEFS004068, DEFS001184, DEFS001143, DEFS001100, SME005736, SME007907, SME007905, DEFS001653, DEFS002432, DEFS000667, SME005821, SME005807, SME009225);

- Exhibit C: Ryan Carhart emails discussing payment negotiations and confirming takedown compliance (March 19, 2025 and May 2, 2025) (Bates Nos. DEFS001017, DEFS004449); and

- Exhibit G: February 2025 email chain regarding a renewal proposal, including a specific guaranty amount proposed by Sony that was not accepted by LiveOne (Bates Nos. DEFS004580–81).

None of the remaining papers filed in support of Defendants' Opposition—the Declaration of Robert Ellin, the Declaration of Scott M. Lupiani, Defendants' Memorandum of Law in Response to Sony's Motion for Summary Judgment, or Defendants' Response to Sony's Local Civil Rule 56.1 Statement of Undisputed Material Facts—is independently subject to sealing. Defendants filed each of those documents on the public docket in full and unredacted form as part of the complete motion papers.

To evaluate a motion to seal, a court must first determine if the filed documents are "relevant to the performance of the judicial function and useful in the judicial process" and thus "judicial documents." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006). Second, if the documents are judicial documents, the court must determine the weight of the presumption of public access, which turns on the extent to which the documents were relied upon in resolving the underlying motion. *Id.* Third, the court must balance countervailing factors against that presumption, including the privacy and business interests of those resisting disclosure. *Id.* at 120.

Each of the exhibits identified above are documents produced in discovery or testimony transcripts obtained in discovery, and were designated "Confidential" by either Defendants or Sony under the Protective Order because they contain non-public financial and commercially sensitive business information, including specific advance amounts, guaranty structures, license fee terms, and settlement and negotiation communications between the parties. The designating party designated this information as confidential in reasonable reliance on the Protective Order entered in this case. See *SEC v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001).

To the extent a presumption of public access attaches to these exhibits because they are cited in Defendants' Opposition to a dispositive motion, see *Lugosch,* 435 F.3d at 121, that presumption is outweighed here by the parties' strong countervailing interest in protecting non-public financial and commercial terms from disclosure to competitors and business counterparties. Courts in this District routinely permit sealing or redaction of specific financial terms, license fees, and negotiated business arrangements even where the surrounding contractual dispute is otherwise litigated publicly, because disclosure of such granular financial information would provide competitors and future contracting counterparties with insight into a party's negotiating positions and pricing structure. See, e.g., *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021); *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).

The requested sealing is narrowly tailored. Defendants seek to maintain under seal only the specific exhibits containing Sony's confidential financial and negotiation information—not any portion of the underlying legal arguments or factual record. Defendants' Memorandum of Law, the Ellin and Lupiani

Declarations, and Defendants' Rule 56.1 Response were filed publicly and in unredacted form, so the substance of Defendants' arguments and defenses remains fully available to the public.

* * *

For the foregoing reasons, Defendants respectfully request that the Court maintain the identified exhibits under seal.

Respectfully submitted,

*Scott M. Lupiani*
Scott M. Lupiani, Esq.

cc: Counsel of record (via ECF)

**Granted.**

SO ORDERED

Lewis A. Kaplan, USDJ

Dated: August 24, 2026