Case 1:25-cv-04824-LAK Document 165 Filed 08/25/26 Page 1 of 3

SIDLEY

SIDLEY AUSTIN LLP
350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071
+1 213 896 6000
+1 213 896 6600 FAX

+1 213 896 6047
RRANSOM@SIDLEY.COM

**MEMORANDUM ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 8/26/2026

August 25, 2026

BY ECF

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Sony Music Entertainment v. Slacker, Inc. et al.*, No. 25-cv-04824

Dear Judge Kaplan:

Pursuant to the Stipulated Confidentiality Agreement and Protective Order entered by the Court (the "Protective Order"), Dkt. 86, Sony Music Entertainment ("Sony") writes to request that the Court order the sealing of a copy of the Seventeenth Amendment attached as pages 67–75 of Exhibit S to Scott M. Lupiani's Declaration in Opposition to Sony's Motion for Summary Judgment (Dkt. 157-29). The Court has already ordered that a substantially identical copy of the Seventeenth Amendment be maintained under seal (Dkt. 139), but Defendants publicly filed the draft Amendment anyway.

**Legal Standard.** To evaluate a motion to seal, a court must first determine if the filed documents are "relevant to the performance of the judicial function and useful in the judicial process" and thus "judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d. Cir. 2006). Generally, "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents." *Id.* at 121. However, the Second Circuit has acknowledged that this rule "relies on the general principle that parties may 'be assumed to have supported their papers with . . . non-frivolous arguments.'" *Brown v. Maxwell*, 929 F.3d 41, 47 n.12 (2d Cir. 2019) (quoting *Lugosch*, 929 F.3d at 121). Where a district court has found that this "assumption [is] inapplicable" the "categorical rule in *Lugosch* may not apply." *Id.* Second, if the court determines that the documents are judicial documents, "it must determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. The weight of that presumption is "weak" where the "relevance [of the information] to . . . the motion is minimal." *City of Almaty v. Ablyazov*, 2021 WL 1177737, at *1 (S.D.N.Y. Mar. 29, 2021) (Nathan, J.). Third, "after determining the weight of the presumption of access, the court must" balance "countervailing factors" against it, including the "privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120. Further, a court should find there is no First Amendment right of

access where sealing a judicial document is necessary to "preserve higher values" and is "narrowly tailored" to serve those countervailing higher values. *Id.* at 120 (citation omitted).

**Application.** The Court should order the draft Seventeenth Amendment in Lupiani Exhibit S, Dkt. 157-29 at 67–75, be sealed. Indeed, it already undertook this analysis and ordered a substantively similar version of this document be maintained under seal.

*First*, Lupiani Exhibit S is not helpful to the judicial task. As with the draft Seventeenth Amendment Defendants filed with one of their motions for summary judgment, *see* Dkt. 139 (granting Sony's motion to seal), Defendants cite this exhibit solely to support the uncontested proposition that LiveOne is only liable for $250,000 in contract damages under its guarantee. Dkt. 156 at 26–28 & Dkt. 156-1 at 3. Sony has never contested this proposition except as to interest. *See, e.g.*, Dkt. 36 at 17 (Am. Compl.); Dkt. 127 at 10 (Pretrial Order). This argument was (once again) entirely unnecessary, and, like before, the Court need not consider this draft amendment. *Lugosch*, 435 F.3d at 119; *Brown*, 929 F.3d at 47 n.12.

*Second*, "to the extent these documents qualify as judicial documents, their relevance to the summary judgment motion is minimal" at best, as they only support an uncontested proposition, "and so only a weak presumption of public access applies." *City of Almaty*, 2021 WL 1177737, at *1. Courts routinely conclude that irrelevant material attached to a motion for summary judgment is only entitled to a weak presumption of public access because it plays little role in the Court adjudicating the motion. *See, e.g.*, *id.* at *2 (granting motion to seal an agreement because it was "essentially irrelevant to the summary judgment motion, and the Court did not consider [it]"); *Fernandez v. City of N.Y.*, 457 F. Supp. 3d 364, 400 (S.D.N.Y. 2020) (sealing records that were "not significant in resolving Defendants' motion [for summary judgment]"); *Echkart v. Fox New Network, LLC*, 2024 WL 4931857, at *3 (S.D.N.Y. Dec. 2, 2024) (sealing "irrelevant" information attached to summary judgment motion and finding a "weak presumption of access"). A weak presumption of access (if any) applies to this correspondence because they are "essentially irrelevant to the summary judgment motion[s]." *City of Almaty*, 2021 WL 1177737, at *2.

*Third*, Sony has strong countervailing privacy and business interests in maintaining the confidentiality of the correspondence regarding the Agreement. Licensing agreements are a critical component of Sony's revenue, and their terms are nonpublic. When Sony's negotiations regarding its licensing agreements are exposed, it harms Sony's ability to competitively negotiate contracts with other licensees and reveals non-public information about Sony's negotiation strategy and business practices to its competitors. Indeed, this harm is *particularly* potent with respect to the draft agreement here, such drafts reflect terms that may or may not ultimately be reflected in an executed agreement and thus are particularly probative of Sony's negotiating positions and strategy. Documents containing this sort of competitive business information are appropriately sealed. *See, e.g.*, *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1

(S.D.N.Y. Mar. 22, 2021) (sealing materials that contained "the terms of confidential trademark licensing agreements between [the moving party] and its licensees); *Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, 2024 WL 3965936, at *2 (S.D.N.Y. Aug. 27, 2024) (sealing sensitive licensing agreement containing the parties' terms "in its entirety" because it could "disadvantage[] [the moving party] in negotiating licensing agreements" (cleaned up)). Accordingly, Sony's interest in protecting its confidential business information outweighs any slight presumption of public access, to the extent there is any, to the draft Seventeenth Amendment.

*Finally*, Sony's proposed redactions and exclusions from the public record are "narrowly tailored to protect[]" its "sensitive business information." *Hanks v. Voya Retirement Ins. and Annuity Co.*, 2021 WL 2451981, at *2 (S.D.N.Y. June 16, 2021) (granting motion to redact some documents and seal others in their entirety because both requests were narrowly tailored). Sony seeks to maintain under seal only a portion of one of over thirty exhibits previously marked confidential, a version of which the Court has already ordered by placed under seal.

* * *

For the foregoing reasons, Sony respectfully requests that the Court order that Exhibit S to the Lupiani Declaration, Dkt. 157-29 at 67–75, be placed under seal.

Sincerely,

/s/ *Rollin A. Ransom*
Rollin A. Ransom
Tyler J. Domino

*Counsel for Plaintiff Sony Music Entertainment*

cc: Counsel of record (via ECF)

**Granted. The Clerk of the Court is directed to seal Dkt 157, and defendants shall refile a public version of Dkt 157 with PDF pages 67-75 of Exhibit S redacted or omitted.**

SO ORDERED

Lewis A. Kaplan, USDJ

Dated: August 26, 2026