Case 1:25-cv-04824-LAK Document 184 Filed 09/15/26 Page 1 of 3

SIDLEY

SIDLEY AUSTIN LLP
350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071
+1 213 896 6000
+1 213 896 6600 FAX

+1 213 896 6047
RRANSOM@SIDLEY.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-22-26

September 15, 2026

**BY ECF**

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Sony Music Entertainment v. Slacker, Inc. et al., No. 25-cv-04824

Dear Judge Kaplan:

Pursuant to the Stipulated Confidentiality Agreement and Protective Order entered by the Court (the "Protective Order"), Dkt. 86, Sony Music Entertainment ("Sony") writes to request that the Court maintain under seal the Eleventh Amendment to the parties' licensing agreement filed as Exhibit A to the Declaration of Daniel Blumberg in Support of Sony's Reply Brief (Dkt. 180-1). Sony filed the Eleventh Amendment to oppose Defendants' argument that Sony was estopped from terminating the agreement because of a 2019 email quoted in their opposition brief. *See* Dkt. 174 at 7–8; Dkt. 157 at 32. As explained in Sony's reply, this argument is frivolous because the quoted email was sent during the negotiation of the Eleventh Amendment (in 2019) and discussed a contract provision absent from the terms of the Sixteenth Amendment (which were operative in 2025, when Sony terminated the agreement). *See* Dkt. 174 at 7–8; Dkt. 176 ¶ 36.

Sony now moves to maintain the Eleventh Amendment under seal because it is not relevant to the judicial function and otherwise contains non-public and commercially sensitive business information.[1]

**Legal Standard.** To evaluate a motion to seal, a court must first determine if the filed documents are "relevant to the performance of the judicial function and useful in the judicial process" and thus "judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d. Cir. 2006). Generally, "documents submitted to a court for its consideration in a

[1] But for Eleventh Amendment and the materials already subject to specific court orders, Sony has no other objections to the remaining material that it filed under seal being made public. Sony's motion is timely because it was made within seven business days of Sony filing the confidential Eleventh Amendment under seal. Dkt 86 at 10.

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

SO ORDERED
LEWIS A. KAPLAN, USDJ
9/22/26

summary judgment motion are—as a matter of law—judicial documents." *Id.* at 121. However, the Second Circuit has acknowledged that this rule "relies on the general principle that parties may 'be assumed to have supported their papers with . . . non-frivolous arguments.'" *Brown v. Maxwell*, 929 F.3d 41, 47 n.12 (2d Cir. 2019) (quoting *Lugosch*, 929 F.3d at 121). Where a district court has found that this "assumption [is] inapplicable" the "categorical rule in *Lugosch* may not apply." *Id.* Second, if the court determines that the documents are judicial documents, "it must determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. The weight of that presumption is "weak" where the "relevance [of the information] to . . . the motion is minimal." *City of Almaty v. Ablyazov*, 2021 WL 1177737, at *1 (S.D.N.Y. Mar. 29, 2021) (Nathan, J.). Third, "after determining the weight of the presumption of access, the court must" balance "countervailing factors" against it, including the "privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120. Further, a court should find there is no First Amendment right of access where sealing a judicial document is necessary to "preserve higher values" and is "narrowly tailored" to serve those countervailing higher values. *Id.* at 120 (citation omitted).

**Application.** The Court should maintain under seal the Eleventh Amendment as an exhibit to Sony's motion.

*First*, Sony filed the Eleventh Amendment solely to contest Defendants' argument that their reliance on an email Sony sent during its negotiation in 2019 estopped Sony from terminating the agreement in 2025. Dkt. 174 at 7–8. Because Defendants' briefing quoted the email but failed to describe the email's subject matter and because Defendants falsely stated it was relevant to the Sixteenth Amendment, Sony explained that the email actually discussed an automatic termination provision in the Eleventh Amendment that had since been removed in later amendments. Dkt. 157 at 32; Dkt. 174 at 8. In doing so, Sony was forced to cite to the Eleventh Amendment. Dkt. 174 at 8. But Defendants' argument that they "rightfully reli[ed]" on this years-old email when they breached the agreement in 2024 and 2025 is clearly frivolous, and Sony should not have been required to attach the Eleventh Amendment to rebut it. *See id.* at 7 (quoting *Lynn v. Lynn*, 302 N.Y. 193, 205 (1951)). Indeed, Defendants' tactical omission of the date or subject of the quoted email rebuts the "general principle that parties may 'be assumed to have supported their papers with . . . non-frivolous arguments.'" *Brown*, 929 F.3d at 47 n.12. Accordingly, no presumption of access should attach.

*Second*, "to the extent th[is] document[] qualif[ies] as [a] judicial document[], [its] relevance to the summary judgment motion is minimal" at best, "and so only a weak presumption of public access applies." *City of Almaty*, 2021 WL 1177737, at *1. Courts routinely conclude that material attached to summary judgment briefing is only entitled to a weak presumption of public access because it plays little role in the Court adjudicating the motion. *See, e.g.*, *id.* at *2 (granting motion to seal an agreement because it was "essentially irrelevant to the summary judgment motion, and the Court did not consider [it]"); *Fernandez v. City of N.Y.*, 457 F. Supp. 3d 364, 400 (S.D.N.Y. 2020) (sealing records that were "not significant in resolving

Case 1:25-cv-04824-LAK Document 184 Filed 09/15/26 Page 3 of 3



Defendants' motion [for summary judgment]"); *Echkart v. Fox New Network, LLC*, 2024 WL 4931857, at *3 (S.D.N.Y. Dec. 2, 2024) (sealing "irrelevant" information attached to summary judgment motion and finding a "weak presumption of access"). A weak presumption of access (if any) applies to the Eleventh Amendment because it was solely used to clarify an undisputed fact about an email quoted in Defendants' frivolous argument, and so was "essentially irrelevant to the summary judgment motion." *City of Almaty*, 2021 WL 1177737, at *2.

*Third*, Sony has strong countervailing privacy and business interests in maintaining the confidentiality of the prior amendment to its former agreement with Slacker. Licensing agreements are a critical component of Sony's revenue, and their terms are nonpublic. When the terms of Sony's licensing agreements are publicly disclosed, it harms Sony's ability to competitively negotiate contracts with other licensees and reveals non-public information about Sony's negotiation strategy and business practices to its competitors. Indeed, this harm is *particularly* potent with respect to an amendment of the sort at issue here; in addition to being non-public, the Eleventh Amendment reflects terms Sony included because of its licensing partner's delinquent payments, and so is particularly probative of Sony's negotiating positions and strategies. Documents containing this sort of competitive business information are appropriately sealed. *See, e.g.*, *Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, 2024 WL 3965936, at *2 (S.D.N.Y. Aug. 27, 2024) (sealing sensitive licensing agreement "in its entirety" that could "disadvantage[] [the moving party] in negotiating licensing agreements" (cleaned up)); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (sealing materials that contained "the terms of confidential trademark licensing agreements between [the moving party] and its licensees). Accordingly, Sony's interest in protecting its confidential business information outweighs any slight presumption of public access, to the extent there is any, to the Eleventh Amendment.

* * *

For the foregoing reasons, Sony respectfully requests that the Court order that the Eleventh Amendment remain redacted and under seal.

Sincerely,

*/s/ Rollin A. Ransom*
Rollin A. Ransom
Tyler J. Domino

*Counsel for Plaintiff Sony Music Entertainment*

cc: Counsel of record (via ECF)